IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 80157-1-I |
| | ) | |
| Respondent, | ) | UNPUBLISHED OPINION |
| | ) | |
| v. | ) | |
| | ) | |
| T. S.-T., | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

ANDRUS, A.C.J. – T.S.-T. appeals his juvenile adjudication for second degree assault, contending that the State's evidence was insufficient to demonstrate he was the perpetrator who committed the assault. We disagree and affirm his conviction.

## FACTS

On October 31, 2017, Dustin Conklin and his girlfriend, Tara Casady, took Conklin's young children trick-or-treating in Everett. Around 8:30 pm, a group of approximately 20 teenagers began heckling Conklin, Casady, and the children, from across the street. When Conklin told them to stop and yelled racial epithets at the teens, about five of them approached him, pinned him against a fence, and repeatedly punched him, ultimately knocking him out. When Conklin regained consciousness, the group had dispersed, and Conklin was surrounded by Casady, his children, and police officers. Conklin was taken to the hospital, where he

Citations and pin cites are based on the Westlaw online version of the cited material.

received stiches in his eye and lip and was later diagnosed with a fractured eye socket, nose, and skull.

On November 1, 2017, police officers learned the names of the teens involved in the attack from a witness who saw the group leaving the scene. Everett Police Detective Corey Barrows obtained photos of several of the identified suspects, including T.S.-T., from a high school yearbook and prepared a photo montage to show to Conklin on November 30, 2017. Conklin identified three teens as those who had assaulted him. Conklin was "100 percent sure" of the identity of two of the three, and less sure about the third. According to Detective Barrows, one of the photos Conklin identified with certainty was photo number four, whom Detective Barrows identified as T.S.-T.

Everett Police Officer Maiya Atkins also asked Casady to review the photo montage to identify anyone involved in the attack. Casady identified T.S.-T.'s photo as one of the individuals "involved in the assault."

The State charged T.S.-T. with second degree assault. At the fact-finding hearing on April 16, 2019, Conklin testified that as of that date, some 18 months after the attack, Conklin could not recall who had attacked him. When asked whether he recognized any of his attackers in the courtroom, Conklin said, "To be honest, I do not. I only recognized one kid when he took off his mask. This is not that individual." Conklin could not recall whether T.S.-T. was the individual who assaulted him, stating that "I don't remember this specific kid in the five group coming . . . at me." Casady similarly testified that she could not identify anyone in the courtroom as the individual who attacked Conklin. Detective Barrows and

Officer Atkins testified that Conklin and Casady had identified the photo of T.S.-T. as one of Conklin's assailants during the pretrial montage procedure within weeks of the assault.

The court found that "[T.S-T.] was one of the persons who intentionally assaulted Dustin L. Conklin and thereby recklessly inflicted substantial bodily harm." The court entered a disposition order committing T.S.-T. to 15-36 weeks in a Department of Social and Health Services, Division of Rehabilitation Administration facility. T.S.-T. appeals.

<u>ANALYSIS</u>

T.S.-T. argues that the State presented insufficient evidence to prove, beyond a reasonable doubt, that he assaulted Conklin. He contends that the evidence shows nothing more than his presence at the scene. We disagree.

"The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." <u>State v. Salinas</u>, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992); <u>State v. Sweany</u>, 174 Wn.2d 909, 914, 281 P.3d 305 (2012). When a petitioner challenges the sufficiency of the State's evidence, "all reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." <u>Salinas</u>, 119 Wn.2d at 201. "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." <u>Id.</u>

The State presented sufficient evidence to prove T.S.-T. was one of the individuals who assaulted Conklin. Although Conklin and Casady testified that

they could not identify T.S.-T. as one of Conklin's assailants during the April 2019 fact-finding hearing, Detective Barrows and Officer Atkins confirmed that both Conklin and Casady had identified T.S.-T as participating in the assault in November 2017.

Conklin's and Casady's inability to make an in-court identification consistent with their pretrial identification does not render the State's evidence insufficient. In State v. Hendrix, 50 Wn. App. 510, 749 P.2d 210 (1988), this court held that a positive pretrial identification by a witness during a photo montage was sufficient to support a conviction even when, at trial, the witness was unable to remember if the defendant was the individual she had previously identified. This case is analogous. Conklin and Casady made positive pretrial identifications of the assailants, and T.S.-T. was one of the individuals they identified. There is no evidence that Conklin or Casady retracted their pretrial identification. As in Hendrix, they simply could not recall at trial, due to the passage of time, who they had identified as the assailants. Accepting the pretrial identification evidence in the light most favorable to the State, the only reasonable inference a rational trier of fact could draw is that T.S.-T. was, as the trial court found, one of the persons who intentionally assaulted Conklin. We therefore affirm the trial court's decision.

_Andrus, A.C.J._

WE CONCUR:

- 4 -